JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
INTERWOVEN, INC.

## DEFENDANTS
VERTICAL COMPUTER SOFTWARE, INC.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Bijal V. Vakil (SBN 192878)
White & Case LLP
3000 El Camino Real, 5 Palo Alto Square, Floor 9, Palo Alto, CA 94306
Tel. 650.213.0303    Fax. 650.213.8158

Attorneys (If Known)

**CV10- 4645 JL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [x] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | **PRISONER** | [ ] 740 Railway Labor Act | | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 791 Empl. Ret. Inc. | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus — | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§2201-02 and 35 U.S.C. § 100 et seq.

Brief description of cause:
Action seeking declaratory judgment of invalidity and unenforceability re U.S. Patent 6,826,744 and 7,716,629

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

DATE
10/14/2010

SIGNATURE OF ATTORNEY OF RECORD

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| INTERWOVEN, INC. ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. |
| VERTICAL COMPUTER SYSTEMS, INC. ) | |
| _Defendant_ ) | CV 10- 4645 |

E-FILING

JL

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Vertical Computer Systems, Inc.
101 W. Renner Road, Suite 300, Richardson, TX 75082

Registered Agents:
c/o Vcorp Services, LLC            &   c/o William Kenneth Mills
10101 Fondren Road, Suite 515          865 South Figueroa Street, Suite 3
Houston, TX 77096                      Los Angeles, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Bijal V. Vakil
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, Floor 9
Palo Alto, CA 94306
Tel. 650.213.0300

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 10/14/10           _Signature of Clerk or Deputy Clerk_

Sandy Morris

NOAH A. BRUMFIELD (Cal.Bar No. 203653)
nbrumfield@whitecase.com
SHAMITA D. ETIENNE-CUMMINGS (Cal. Bar No. 202090)
setienne@whitecase.com
BIJAL V. VAKIL (Cal. Bar No. 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ATTORNEYS FOR PLAINTIFF
INTERWOVEN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERWOVEN, INC.,

    Plaintiff,

vs.

VERTICAL COMPUTER SYSTEMS, INC.

    Defendant.

Civil Case No.: CV10-4645

COMPLAINT FOR DECLARATORY JUDGMENT

JURY DEMAND

Plaintiff Interwoven, Inc. ("Interwoven") for its Complaint against Defendant Vertical Computer Systems, Inc. ("Vertical"), alleges:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of United States Patent Nos. 6,826,744 ("the '744 patent") (attached hereto as Exhibit A) and 7,716,629 (the "the '629 patent") (attached hereto as Exhibit B), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-02, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

### THE PARTIES

2. Plaintiff Interwoven is a corporation duly organized and existing under the laws of the State of Delaware. Interwoven is registered to do business in California and has a principal place of business at 160 East Tasman Drive, San Jose, CA 95134.

3. Upon information and belief, Defendant Vertical is a Delaware corporation with a principal place of business at 101 W. Renner Road, Suite 300, Richardson, TX 75082. Upon information and belief, Vertical's agent of service is Vcorp Services, LLC, and is located at 10101 Fondren Road, Suite 515, Houston, TX 77096.

### EXISTENCE OF AN ACTUAL CONTROVERSY

4. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202.

5. Vertical purports to be the owner of all rights, title and interest in and to the '744 patent and the '629 patent (collectively, "patents-in-suit").

6. On or about January 12, 2009, Vertical contacted Interwoven, Inc. ("Interwoven"), taking the position that the '744 patent contains claims that it believes "cover" Interwoven's "TeamSite Team XM2, TeamSite Server and TeamSite Live Lite Content Publishing Server products."

7. On or about August 12, 2010, Vertical contacted Interwoven taking the position that the claims of the '744 patent "cover" Interwoven's TeamSite 2006 product. It also

took the position that the '629 patent that issued on May 11, 2010, entitled "System and Method for Generating Web Sites in an Arbitrary Object Framework," which issued to Vertical from a continuation of the application for the '744 patent, "covers" the TeamSite 2006 product.

8. Based upon the above facts, there is an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

9. Plaintiff files this complaint against Vertical pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202.

10. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

11. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

12. All of the communications described above were sent to Interwoven at its offices in the Northern District of California.

13. In addition to Vertical's directing its allegation of infringement to Interwoven (and its successors-in-interest) at its offices in the Northern District of California, on information and belief, Vertical has repeated, ongoing, extensive, and deliberate contacts with California:

A. From 2000 through at least mid-2004, Vertical was based in California at 6336 Wilshire Boulevard, Los Angeles, CA 90048.

B. Vertical maintains a registered agent for service of process in California. William Kenneth Mills of 865 South Figueroa Street, Suite 3200, Los Angeles, CA 90017 who has been a director of Vertical since December 2000 and is listed as Vertical's agent for service of process in California.

C. Based on publicly available information, Vertical is actively acquiring the business and assets of California companies. On May 21, 2010, Vertical Healthcare Solutions,

Inc., a company wholly-owned by Vertical, purchased the business and substantially all the assets of Pelican Applications, LLC, a California Limited Liability Company.

    D  Based on publicly available information, Vertical has two California-based subsidiaries. Vertical Internet Solutions, Inc. and Pointmail.com, Inc. that are California corporations, and are wholly-owned subsidiaries of Vertical.

    E  Based on publicly available information, Vertical has a royalty interest in TranStar, based in Claremont, CA. TranStar is a systems integrator and consulting firm. Vertical is entitled to receive 3% of any transaction fees generated by TranStar in perpetuity.

    F  Based on publicly available information, Vertical also has a distribution agreement with TranStar, based in Claremont, CA to market Vertical's products.

    G  Vertical maintains a website (www.vcsy.com) that advertises its products, including SiteFlash, ResponseFlash, emPath, and Emily Solutions. These products are the subject of the distribution agreement with TranStar, outlined above, based on publicly available information. The website solicits both customers, through its product and service advertisements and investors, through its investor relations section. It further provides contact information for Vertical for both customers and investors and an interactive form for submitting questions including for residents of California.

## FIRST CLAIM

## DECLARATORY JUDGMENT REGARDING THE '774 PATENT

14    The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 13 and incorporates them by reference.

15    No valid, and enforceable, claim of the '744 patent is infringed by the Plaintiff.

## SECOND CLAIM

## DECLARATORY JUDGMENT REGARDING THE '629 PATENT

16    The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them by reference.

17   No valid and enforceable claim of the '629 patent is infringed by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

18   Declaring that no valid, and enforceable, claim of the patents-in-suit is infringed by Plaintiff;

19   Declaring that Vertical and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiff claiming that the patents-in-suit are valid, enforceable, or infringed, or from representing that the products or services of the Plaintiff infringe the patents-in-suit;

20   A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees and costs in connection with this case;

21   Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: October 14, 2010

Respectfully submitted,

By: _____
NOAH A. BRUMFIELD (Cal. Bar No. 203653)
nbrumfield@whitecase.com
SHAMITA D. ETIENNE-CUMMINGS (Cal. Bar No. 202090)
setienne@whitecase.com
BIJAL V. VAKIL (Cal. Bar No. 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ATTORNEYS FOR PLAINTIFF
INTERWOVEN, INC.