**\*E-Filed 1/24/2011\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

INTERWOVEN, INC.,

        Plaintiff,

  v.

VERTICAL COMPUTER SYSTEMS, INC.,

        Defendant.
_____/

No. C 10-4645 RS

**ORDER DENYING: (1) PLAINTIFF'S MOTION TO ENJOIN; AND (2) DEFENDANT'S MOTION TO TRANSFER OR DISMISS**

## I. INTRODUCTION

These motions represent the opening venue skirmish in an unfolding patent battle. Plaintiff Interwoven filed a declaratory judgment suit in the Northern District of California on October 14, 2010. Defendant Vertical Computer Systems ("Vertical") filed what appears to be a parallel infringement claim in the Eastern District of Texas on November 15, 2010. Vertical moves here to transfer venue of Interwoven's declaratory judgment suit to the Eastern District of Texas or, in the alternative, to dismiss it entirely. Interwoven moves, in turn, to enjoin Vertical from pursuing its patent infringement claims outside this District. Each party contends that its preferred district would be the forum that is, in light of the expected witnesses and documents, more convenient and, in light of the other side's alleged questionable tactics, more fair. It is precisely where, as here, sophisticated parties accuse one another of tactical skullduggery and present disparate

"convenience" analyses, that refuge in the first to file rule makes sense. Accordingly, Vertical's motion to dismiss or transfer shall be denied, as will Interwoven's motion to enjoin Vertical from pursuing its infringement claims in the Eastern District of Texas.

## II. FACTUAL SUMMARY

### 1. Procedural Background

Interwoven filed its declaratory judgment suit on October 14, 2010 in the Northern District of California. On November 15, 2010, Vertical filed suit, alleging infringement of two patents—United States Patent Numbers 6,826,744 ("'744 patent") and 7,716,629 ("'629 patent")—against Interwoven and four other defendants in the Eastern District of Texas.

Before this recent round of dual district litigation, Vertical had brought suit in 2007 against Microsoft in the Eastern District of Texas, alleging infringement of the '744 patent. Those parties settled prior to the scheduled claim construction hearing. On January 12, 2009, Vertical contacted Interwoven, claiming that the same patent covered one of Interwoven's products. The parties met at Interwoven's California headquarters in March of that year to discuss Vertical's claims, but did not reach any agreement. Then, on August 12, 2010, Vertical sent a letter to Interwoven, asserting infringement of both the '744 patent and the more recently issued '629 patent. In that letter, Vertical pressed Interwoven to enter into a license. It requested a formal response by September 15, 2010. General Counsel to Interwoven's parent company, Autonomy, apparently requested an extension of the response deadline to October 15, 2010. Interwoven filed its declaratory judgment suit on October 14, one day prior to the new response deadline. The parties had not entered into any agreement to delay the filing of any lawsuit.

### 2. Location of Parties, Witnesses, Documents

Interwoven is a software company with its principal place of business in San Jose, California. It is a wholly-owned subsidiary of Autonomy Corporation, which maintains offices in San Francisco, California. Interwoven operates a research facility in Austin, Texas (in the Western District of Texas). Even so, it contends the accused product was developed and then marketed out of the San Jose location. It also estimates that those witnesses with knowledge of the development

of Interwoven's software, or of any financial and marketing information relevant to damages, are likely stationed at that San Jose facility, as is the likely location of relevant documents.

Vertical maintains its principal place of business in Richardson, Texas, which is within the Eastern District of Texas. Until 2003, Vertical was based in Los Angeles, California, and at least two senior employees continue to operate out of California. Vertical explains that these employees work out of their respective homes; the company does not maintain any "official" offices within the state. Vertical reserves an agent for service of process in Los Angeles. It insists that the bulk of witnesses and documents relevant to *its* patents and products are located near its headquarters in Richardson. Only a single non-party witness has been identified: the inventor of the patents-in-suit, Aubrey McAuley. McAuley resides in Austin, Texas. He was, but appears to no longer be, employed by Vertical. Vertical insists that McAuley's current employment does not allow for easy travel outside Texas.

### III.  LEGAL STANDARD

Federal Circuit precedent applies both in the context of a motion to dismiss or transfer a first-filed declaratory judgment action and a motion to enjoin a later filed infringement suit. *See, e.g.*, *Elec. For Imaging v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005) (finding "question whether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement" to be "an issue that falls within our exclusive subject matter jurisdiction") (*citing Serco Servs. Co. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995)); *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004) ("The question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises the issue of national uniformity in patent cases . . . .") (*quoting Genetech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).

As between two parallel suits,[1] the Federal Circuit has emphasized that the "first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Serco*, 51 F.3d at 1039 (*quoting Genetech*, 998 F.2d at 937). Accordingly, a court may enjoin the later-filing party from pursuing its duplicative action elsewhere. *See Chiron*, 384 F.3d at 1332-33 (upholding injunction of later-filed infringement claim so that first-filed declaratory judgment action might proceed). The preference, however, is a starting point and a district court may in its discretion dismiss or transfer a first-filed suit in favor of the later-filed action. "[T]he trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served." *Serco*, 51 F.3d at 1039 (*quoting Genetech*, 998 F.2d at 938). "The decision not to hear a properly brought declaratory action must rest," the Federal Circuit has explained, "on sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* (*quoting Genetech*, 998 F.2d at 938) (internal quotation marks omitted).

When considering a motion to dismiss or transfer the first-filed declaratory judgment action, courts consider "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or

---

[1] The Federal Circuit defines "parallel actions" as "co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004). In its opposition to Interwoven's motion to enjoin, Vertical disputes whether the suits really involve the "same patents and the same parties." *Chiron*, 384 F.3d at 1328. While both suits relate to the same patents, Vertical's infringement suit involves three other defendants. It insists the additional defendants in the Texas suit make Interwoven's request to enjoin that action problematic. As Interwoven points out, there is some authority that the composition of parties in two competing suits need not be *exactly* uniform to be "parallel." *See, e.g.*, *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) ("[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters."). As any later-filed party might defeat the first to file preference by tacking on additional defendants, Interwoven suggests a requirement of strict identity could render the traditional preference functionally meaningless. The argument makes sense, and this Order assumes for purposes of addressing the parties' motions that the two suits at issue here are "parallel."

NO. C 10-4645 RS
ORDER

considerations relating to the real party in interest." *Coyle*, 394 F.3d at 1348.[2]  Whether or not a party "intended to preempt another's infringement suit" is a relevant factor, although the Federal Circuit has held that, without more, an anticipatory motive does not warrant dismissal. *Id.* at 1347-48. *See also Genetech*, 998 F.2d at 938 (reversing for abuse of discretion where dismissal of declaratory action was premised solely on the fact that the suit was designed to anticipate a later-filed complaint in another forum).

## IV.  DISCUSSION

The parties do not dispute that Interwoven filed its complaint in October of 2010 in California and that Vertical filed its complaint in November of 2010 in Texas.  It is clear, then, that Interwoven's is the first-filed action.[3]  Vertical asks the Court to ignore the first-filed preference not merely because it believes Interwoven's declaratory judgment suit is an improper attempt to preserve the forum of its choice, but also because convenience and efficiency factors favor transfer to the Eastern District of Texas.  For support, Vertical relies heavily on the reasoning employed in *Serco Services v. Kelley Company*, 51 F.3d 1037 (Fed. Cir. 1995).  In *Serco*, the Federal Circuit upheld a district court order dismissing a first-filed declaratory judgment action in favor of a later-filed infringement case.  What drove the district court's decision in *Serco*, however, were two factual findings not present here: the *Serco* court found not only that the declaratory judgment plaintiff harbored a forum-shopping motive, but also that convenience and fairness factors strongly favored transfer. *Id.* at 1039-40.

---

[2] A court may always transfer a civil action to another district or division where it might have been brought when doing so serves the convenience of the parties and is in the interest of justice.  28 U.S.C. § 1404(a).  Assuming the would-be venue is proper, the court makes an individualized, case-by-case consideration of convenience and fairness.  Factors relevant to this determination include the plaintiff's choice of forum, convenience to the parties and witnesses, ease of access to evidence, feasibility of consolidation with other claims, and any local interests in the controversy. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

[3] Vertical relies on the fact that it filed the infringement suit against Microsoft in the Eastern District of Texas in 2007 to bolster its argument identifying that district as already familiar with one of the patents in controversy here.  The Microsoft case, however, settled before the claim construction hearing, and there is scant evidence the district court (presided over by a different district court judge than the one assigned to the current Texas action) was substantively involved in the case.  To the extent Vertical attempts to characterize the Microsoft suit as the true "first-filed" action, it is a stretch.  That case involved only one of the patents at issue here, and did not involve Interwoven or any other defendant in this matter.

NO. C 10-4645 RS
ORDER

5

Here, there is no persuasive evidence Interwoven's declaratory judgment suit was driven by an understanding that legal action by Vertical would be initiated on a date certain. While Interwoven requested an extension of the window for settlement talks agreed to by the parties and further filed its declaratory judgment suit one day before that window closed, Vertical had once before issued a nearly identical letter in 2009. When the parties failed to reach a settlement then, Vertical did not respond with an infringement suit. Moreover, these are sophisticated parties, both presumably familiar with the concept of stand-still agreements to forestall suit. No such agreement was proposed or executed. Similarly, the parties, witnesses and documents are located in *both* Texas and California; neither district is demonstrably more convenient or less so than the other. As there is no persuasive reason to deviate from the first to file preference in this instance, Vertical's motion shall be denied.

As to Interwoven's motion to enjoin Vertical from bringing infringement claims in Texas, this too shall be denied. The fact that there are additional defendants in the Texas suit does not, by itself, render the Court powerless to enjoin Vertical from bringing its infringement claims elsewhere. The presence of these particular defendants does, however, raise a question of whether such an injunction would be wise. It is not obvious this Court can exercise personal jurisdiction over all of the remaining defendants, and it would be imprudent to enjoin Vertical from bringing *any* of its claims outside the District.[4] While it would be possible to enjoin only those claims brought against Interwoven, this would do nothing to achieve the injunction's claimed purpose: to eliminate the efficiency dilemma inherent in two sets of litigation. Accordingly, Interwoven's motion to enjoin will be denied.

## V.  CONCLUSION

---

[4] Two of these defendants, Samsung Electronics America and Samsung Electronics Co., filed a declaratory judgment suit against Vertical in this district on January 12, 2011 and have since moved to relate that matter to Interwoven's suit. This answers the question of personal jurisdiction, at least as to these two defendants. Although this Court well may have personal jurisdiction over the remaining defendants—LG Electronics MobileComm U.S.A., and LG Electronics Inc. (a corporation organized under the laws of the Republic of Korea)—no party has actually addressed the issue.

For the reasons stated above, Vertical's motion to transfer to the Eastern District of Texas is denied. Interwoven's motion to enjoin Vertical's infringement suit in Texas also is denied.

IT IS SO ORDERED.

Dated: 1/24/2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE