EDWARD G. POPLAWSKI (Cal. Bar No. 113590)
epoplawski@wsgr.com
VERA M. ELSON (Cal. Bar No. 156327)
velson@wsgr.com
OLIVIA M. KIM (Cal. Bar No. 22832)
okim@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel.:   (650) 493-9300
Fax:   (650) 493-6811

BIJAL V. VAKIL (Cal. Bar No. 192878)
bvakil@whitecase.com
JENNIFER P. GOSSAIN (Cal. Bar No. 254174)
jgossain@whitecase.com
THOMAS C. FLYNN (Cal. Bar. No. 257945)
tflynn@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Tel.  (650) 213-0300
Fax:  (650) 213-8158

*Attorneys for Interwoven, Inc.*

MARK V. ISOLA (SBN 154614)
misola@rehonroberts.com
**REHON & ROBERTS, APC**
830 The Alameda
San Jose, CA  95126
Tel.:   (408) 494-0900
Fax:   (408) 494-0909

RAYMOND P. NIRO *(Pro Hac Vice)*
rniro@nshn.com
VASILIOS D. DOSSAS *(Pro Hac Vice)*
dossas@nshn.com
OLIVIA T. LUK *(Pro Hac Vice)*
oluk@nshn.com
ASHLEY A. LAVALLEY *(Pro Hac Vice)*
alavalley@nshn.com
**NIRO, HALLER & NIRO**
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Tel.:   (312) 236-0733
Fax:   (312) 236-3137

*Attorneys for Vertical Computer Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERWOVEN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VERTICAL COMPUTER SYSTEMS, INC.,<br><br>Defendant. | Case No. 3:10-cv-04645-RS<br><br>**JOINT PRETRIAL STATEMENT AND ORDER**<br><br>DATE:   MARCH 19, 2014<br>TIME:   2:30 P.M.<br>DEPT:   COURTROOM 3<br>JUDGE:   HON. RICHARD SEEBORG |

1        Pursuant to the Guidelines for Final Pretrial Conference in Jury Cases Before District

2    Judge Richard Seeborg, Plaintiff Interwoven, Inc. ("Interwoven") and Defendant Vertical

3    Computer Systems, Inc. ("Vertical") submit this Joint Pretrial Order.  The Court has scheduled a

4    Final Pretrial Conference for March 19, 2014.  The following attorneys have filed appearances in

5    this action:

6    **Counsel for**    Edward G. Poplawski
    **Interwoven**:    Vera M. Elson

7        Olivia M. Kim
        **WILSON SONSINI GOODRICH**

8         **& ROSATI**
        650 Page Mill Road

9        Palo Alto, CA 94304
        Tel: 650.493.9300

10

11        Bijal V. Vakil
        Jennifer P. Gossain

12        Thomas C. Flynn
        **WHITE & CASE LLP**

13        3000 El Camino Real
        Building 5, Suite 900

14        Palo Alto, CA 94306
        Tel: 650.213.0300

15    **Counsel for**    Raymond P. Niro    Tel:  (312) 236-0733
    **Vertical:**    Vasilios D. Dossas

16        Olivia T. Luk
        Ashley E. LaValley

17        **NIRO, HALLER & NIRO**
        181 West Madison, Suite 4600

18        Chicago, IL 60602-4515

19        Mark V. Isola    Tel:  (408) 494-0900
        **REHON & ROBERTS, APC**

20        830 The Alameda
        San Jose, CA  95126

21

22

23

24

25

I.      **SUBSTANCE OF THE ACTION**

A.      **Vertical's Claims Against Interwoven**

In its amended infringement contentions, Vertical asserted that Interwoven infringes claims 2-11, 16-19, 21-25, 26-33, 38-41, 43-52 and 56-57 of U.S. Patent No. 6,826,744 ("the '744 patent") and claims 1-6, 8-17, 19-26, and 28-32 of U.S. Patent No. 7,716,629 ("the '629 patent"). Vertical has agreed to limit the number of claims it will assert at trial to claims 5, 17, 22, 39 and 56 of the '744 patent and claims 1, 5, 21, 25, and 28 of the '629 patent. Interwoven makes, uses and sells the TeamSite and LiveSite products which Vertical asserts infringe the asserted claims of the patents-in-suit. Vertical further alleges that the infringement is willful and if not enjoined will irreparably harm it.

B.      **Interwoven's Claims and Defenses**

Interwoven, Inc. brought this action against Vertical seeking a declaration that it does not infringe the '744 and '629 patents and that the claims of those patents are invalid and unenforceable. The only infringement issue remaining in the case is direct literal infringement: whether Interwoven directly literally infringes claims 5, 17, 22, 39 and 56 of the '744 patent by practicing each and every step of the asserted method claims by using the TeamSite software and whether Interwoven directly literally infringes claims 1, 5, 21, 25, and 28 of the '629 patent by making and using the TeamSite software. (Dkts. 191 and 250, SJ Orders.) Further, Interwoven submits that the LiveSite software is not a properly accused product as Vertical failed to offer any proper expert analysis or evidence that the LiveSite software infringes the asserted claims.

Accordingly, the following claims and defenses remain to be decided: (1) Interwoven does not directly literally infringe the asserted claims of the patents-in-suit; (2) there is no willful infringement; (3) the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 102, 103 and/or 112; (4) the patents-in-suit are unenforceable due to inequitable conduct; (5) Vertical is

not entitled to any injunctive relief against Interwoven;[1] (6) Vertical is not entitled to any damages; and (7) the case is exceptional under 35 U.S.C. § 285 and an award of attorneys' fees and costs.  (*See* Dkt. 43, Amended Complaint; Dkt. 63, Answer to Vertical's Counterclaims; Dkts. 191 and 250, SJ Orders.)

## II.   **RELIEF PRAYED**

### A.   **Vertical's Statement of Relief Prayed**

Vertical seeks monetary damages under 35 U.S.C. § 284 adequate to compensate Vertical for Interwoven's infringement of the '744 and '629 patents.  Upon the successful conclusion of the liability phase of the trial, Vertical requests entry of an order permanently enjoining Interwoven, Autonomy and HP, their respective directors, officers, employees, agents and all persons in active concert or participation with them from further acts of infringement of the '744 and '629 patents.  Vertical also seeks entry of judgment in its favor with respect to Interwoven's affirmative defense and counterclaims of invalidity, noninfringement and unenforceability, as well as other relief provided for in 35 U.S.C. §§ 284 and 285, including enhanced damages, costs and attorney's fees.

### B.   **Interwoven's Statement of Relief Prayed**

Interwoven prays for the following relief:  (1) Interwoven does not directly literally infringe the asserted claims of the patents-in-suit; (2) Interwoven does not willfully infringe the asserted claims of the patents-in-suit; (3) the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 102, 103 and/or 112; (4) the patents-in-suit are unenforceable due to inequitable conduct; (5) Vertical is not entitled to any injunctive relief; (6) Vertical is not entitled

---

[1] Vertical is likewise not entitled to any injunctive relief against Autonomy or HP, as neither is a party to this case.

1   to any damages; and (7) the case is exceptional under 35 U.S.C. § 285 and an award of attorneys'

2   fees and costs.

3   **III.    UNDISPUTED FACTS**

4   - Mr. Aubrey McAuley is the inventor of the '744 and '629 patents-in-suit;

5   - The '744 patent was filed on October 1, 1999 and issued on November 30, 2004;

6   - The *Ex Parte* Reexamination Certificate for the '744 patent was issued on

7     November 16, 2012;

8   - Claim 5 of the '744 patent was amended and claim 56 of the '744 patent was

9     newly added during reexamination;

10  - The '629 patent was filed on November 29, 2004 and issued on May 11, 2010;

11  - The *Ex Parte* Reexamination Certificate for the '629 patent was issued on

12    October 12, 2012;

13  - Claims 1 and 28 of the '629 patent was amended during reexamination;

14  - The earliest priority date for any of the asserted claims is October 1, 1999.; and

15  **IV.    DISPUTED FACTUAL ISSUES**

16      **A.    Infringement**

17  Whether Interwoven directly literally infringes claims 5, 17, 22, 39 and 56 of the '744

18  patent by practicing each and every step of the asserted method claims by using the TeamSite

19  software.

20  Whether Interwoven directly literally infringes claims 1, 5, 21, 25, and 28 of the '629

21  patent by making and using the TeamSite software.

22      **B.    Willful Infringement**

23  Whether any alleged infringement by Interwoven was willful.

24

25

### C.      Invalidity

Whether the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 102, 103 and/or 112.

### D.      Damages

Whether Vertical is entitled to damages, and if so, the amount of damages owed to Vertical for infringement of the '744 and/or '629 patent by Interwoven.

### E.      Agreed Statement

The parties have not identified any part of this action that may be presented upon an agreed statement of facts.

## V.      STIPULATIONS

- **Order of Proof**:  Vertical will proceed first followed by Interwoven.  Vertical will then put on a rebuttal followed by a rebuttal by Interwoven.

## VI.      WITNESSES TO BE CALLED

### A.      Vertical's Proposed Witnesses and Testimony

1.      Aubrey McAuley:  The inventor of the patents-in-suit will testify about his invention, the patents-in-suit and their prosecutions in the Patent Office. He will testify about the advance made by the invention over the prior art.  He will testify about commercialization of the invention, its success, its acceptance, its cost savings, and its value in the market.  He will testify about the development and marketing of the SiteFlash product which practices the patents-in-suit.  He will further testify about the awards received by the invention and its acceptance in the market.  Finally, Mr. McAuley will testify about the WebOS product and the prior art asserted by Interwoven.  Since Mr. McAuley is the inventor of the

patents-in-suit, his testimony is unique and, hence, not cumulative.  The estimated time of his examination is 4.0 hours.

2.    Luiz Valdetaro:   Vertical's Chief Technical Officer will testify about the development and commercialization of Vertical's SiteFlash product that practices the invention of the patents in suit.  Mr. Valdetaro will testify about the prosecution of the patents-in-suit; he will testify about the licensing of the patents-in-suit, including the Basix1 and Unifocus License Agreements.  He will further testify about the Microsoft litigation, the accused Microsoft products and the settlement agreement.  Finally, he will testify about the meeting with Interwoven personnel in March 2009; and the prior art asserted by Interwoven. All of Mr. Valdetaro's testimony is non-cumulative, although his testimony may provide the factual basis for opinion testimony by experts.   The estimated time of his examination is 2.0 hours.

3.    Richard Wade:  Mr. Wade, Chief Operating Officer of Vertical, will testify about the purchase and ownership of the patents-in-suit and about settlements in litigation involving the patents-in-suit.  All of his testimony is non-cumulative and is estimated to last 1.0 hour.

4.    Dr. Clifford Kraft:  The person who examined the TeamSite and LiveSite products and operated them will testify about the results of his examination and operation of those products.   Although his testimony may provide the factual basis for opinion testimony by experts, it is  not cumulative and will last approximately 0.5 hours.

5.    John Maly:   Vertical's technical expert will testify about the accused TeamSite and LiveSite products, the '744 and '629 patents-in-suit, and the

infringement of the patents-in-suit by the accused products.  Mr. Maly will testify on the subjects set forth in his various expert reports concerning validity, infringement, state of the art, the level of skill in the art, obviousness and related matters, and he may also testify in response to any opinions any Interwoven witness testifies to and in rebuttal to issues that may arise.  Since Mr. Maly is Vertical's technical expert witness; his testimony is non-cumulative and is estimated to last 5.0 hours.

6.     Joseph Gemini:   Mr. Gemini is Vertical's expert witness on damages.   He will testify concerning what, in  his opinion, an appropriate reasonable royalty recovery in this case would be, and the basis for that opinion, and will also refute any damage theories presented by Interwoven.  Since Mr. Gemini is Vertical's only expert witness on the subject, his testimony is non-cumulated and is estimated to last 2.0 hours.

7.     Sunil Menon:   Vertical will call Mr. Menon, an Interwoven employee, as an adverse witness to testify about the TeamSite and LiveSite products and his assistance to Federal Express employees Brian Hastings and Justin McNeal in drafting and publishing "*The Definitive Guide to Interwoven's TeamSite*" written by Brain Hastings and Justin McNeal.  Mr. Menon's testimony is not cumulative to any other witness and is estimated to last 0.5 hours.

8.     Rajib SenGupta:   Vertical will call Mr. SenGupta, Interwoven's 30(b)(6) representative, as an adverse witness to testify about the TeamSite and LiveSite products and their marketing.  He will also testify about the installations, educational services and maintenance that Interwoven provides to its TeamSite

and LiveSite customers.  Mr. SenGupta's testimony is not cumulative to any other witness and is estimated to last 0.5 hours.

9.   Shashi Mazumdar:  Vertical will call Mr. Mazumdar, Interwoven's 30(b)(6) representative, as an adverse witness to testify about the TeamSite and LiveSite products and Interwoven's operation and modification of those products.  Mr. Mazumdar's testimony is not cumulative to any other witness and is estimated to last 0.5 hours.

10.   Jed Greene:   Mr. Greene is Interwoven's expert witness on damages; and Vertical will call him to testify as an adverse witness about is theories.  Mr. Green's testimony is not cumulative to any other witness and is estimated to last 0.5 hours.

11.   Brian Hastings (by deposition):  Mr. Hastings, an employee of Federal Express, will testify about educational services provided by Interwoven for its TeamSite and LiveSite products and about his book titled "*The Definitive Guide to Interwoven's TeamSite.*"  Mr. Hastings' testimony is not cumulative to any other witness and is estimated to last 0.50 hours.

12.   Bryan Bunch (by deposition):  Mr. Bunch, an employee of Walls Newspapers, will testify about the WebOS product and virtualization that he created for that product.  Mr. Bunch's testimony is not cumulative to any other witness and is estimated to last 0.50 hours.

Vertical contends that Interwoven's objections to Vertical's Witness List are contrary to the Court's Standing Order, which merely provides that the parties must submit a list of witnesses likely to be called at trial with a brief statement describing the substance of the testimony to be given.   Vertical further argues that Interwoven's objections are improper

because they are repetitive and appear to cover the same arguments that were included in the Motions to Strike and Motions to Exclude Interwoven submitted during the summary judgment briefing, which the Court already ruled upon.  Dkt. Nos. 191 and 250.  In addition, Vertical did not receive Interwoven's objections to Vertical's witness list until late the night prior to the deadline to submit this order. In light of Interwoven's late submission, Vertical reserves all rights and bases to further challenge Interwoven's objections to Vertical's witnesses and also to object to Interwoven's identified witnesses.

### B.   Interwoven's Proposed Witnesses and Testimony

Interwoven's proposed witnesses and their testimony are identified in Appendix A. Interwoven's Objections to Vertical's Witness List are identified in Appendix B.

### VII.   EXHIBITS, SCHEDULES AND SUMMARIES

The parties have served on each other and are filing separate exhibit lists.  *See* Appendix C for Vertical Exhibits and Appendix D for Interwoven Exhibits.

During trial, each Party shall provide by email no later than 6:00 p.m. all demonstratives that are intended to be used in opening or closing the following day at trial, and the receiving party shall provide objections of such demonstratives by 8:00 p.m. on the same day.

Also, during trial, each Party shall provide notice by email no later than 6:00 p.m. each day of all witnesses that the Party intends to call, and provide a list of all exhibits and copies of demonstratives associated with each witness that are intended to be used as direct evidence the following day at trial, and the receiving party shall provide objections of such witnesses, exhibits and demonstratives by 8:00 p.m. on the same day.

### VIII.   DISPUTED LEGAL ISSUES

### A.   Interwoven's Position

First, the patents-in-suit are invalid as anticipated and/or obvious over the prior art.

1    Second, the patents-in-suit are unenforceable due to inequitable conduct.  In particular,

2    the inventor's own product WebOS was on sale and in public use for years before filing the

3    patent applications, the inventor failed to disclose this material prior art to the United States

4    Patent and Trademark Office during the prosecution of the '744 patent.  The '629 patent, which

5    is the child and claims priority to the parent '744 patent, is infected by the unenforceability of the

6    parent '744 patent, and is thus also unenforceable.

7    Third, the asserted claims 5 and 56 of the '744 patent and claims 1 and 5 of the '629

8    patent were newly added or substantively amended to overcome rejection by the PTO during the

9    reexamination (hereinafter the "Reexamined Claims").  The Reexamined Claims, which were

10   newly added or amended during reexaminations to narrow the scope of the claims, were

11   substantially changed and are not identical to the original claims.  Accordingly, the doctrine of

12   intervening rights (absolute and equitable) under 35 U.S.C. §§ 252, 307(b) and 316(b) is

13   implicated for these claims and Interwoven reserves to raise this defense as appropriate.

14   Interwoven also reserves the right to raise its defense that, for the newly added claims during the

15   reexaminations, Vertical is not entitled to any damages prior to the reexamination certificates for

16   those newly added claims.

17   Fourth, Interwoven submits that the asserted claims of the patents-in-suit are not enabled

18   under 35 U.S.C. § 112(1) and are indefinite under 35 U.S.C. § 112(2).

19   Fifth, in the pending litigation between Vertical and Samsung Electronics in the Eastern

20   District of Texas, Case No. 2:10-cv-00490-WCB, Samsung claimed in a recent motion for

21   summary judgment that Vertical lacks standing.  This motion has not been set for hearing.  Jury

22   selection is set for May 7, 2014.  Accordingly, Interwoven reserves its right raise Vertical's lack

23   of standing as appropriate.

24

25

1    Sixth, injunctive relief is not an appropriate remedy in this case because Vertical cannot

2    meet its burden.

3    Seventh, Hewlett-Packard Company nor Autonomy, Inc. are named parties in this case.

4    **B.    Vertical's Position**

5    Interwoven argues that there are six remaining disputed legal issues.  Vertical responds to

6    each of Interwoven's arguments as follows:

7    First, Vertical disputes that the patents are invalid as anticipated and/or obvious over the

8    prior art.

9    Second, Interwoven presented its arguments regarding inequitable conduct to the Court,

10   which held that on the record there was no inequitable conduct during prosecution of the asserted

11   patents.  Vertical incorporates its Opposition to Interwoven's Motion for Summary Judgment

12   (Dkt. No. 134) and the Court's Order (Dkt. No. 158) in response to Interwoven's claims.

13   Third, Interwoven's characterization of intervening rights as a legal issue is also

14   improper, as courts have held that the decision on whether to grant intervening rights "is a highly

15   fact-specific inquiry."  *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, 2013 U.S. Dist. LEXIS

16   1118995, at *10-11 (S.D. Cal. Aug. 21, 2013).

17   Nevertheless, Interwoven's reservation to raise the defense of intervening rights at trial is

18   improper.  The doctrine of intervening rights is an affirmative defense. *Fortel Corp. v. Phone-*

19   *Mate, Inc.*, 825 F.2d 1577, 1580 (Fed. Cir. 1987). Interwoven, however, failed to plead

20   intervening rights as a defense. (Dkt. No. 52, Interwoven's Answer to Vertical's Counterclaims).

21   Instead, Interwoven waited until March 6, 2013, just three weeks prior to trial, to inform the

22   Court that it intends to rely on intervening rights.  Such gamesmanship is a violation of the

23   Federal Rules.  Fed. R. Civ. P. 8(c); *U.S. v.* Manzo, 675 F.3d 1204, 1211 n. 3 (9th Cir. 2012).

24

25

Interwoven's delay has substantially prejudiced Vertical by preventing it from taking any discovery on this issue and precluding it from seeking summary judgment on this defense.

Even so, Vertical disputes that the doctrine of intervening rights applies. During reexamination, the amendments to asserted claims 5 and 56 of the '744 patent and claims 1 and 5 of the '629 patent involved replacing "arbitrary object" with the precise construction provided by this Court. These amendments did not change the scope of the claims, as is required for an intervening rights defense.

Fourth, Vertical disputes that the claims are invalidity due to lack of enablement under 35 U.S.C. § 112(1) and § 112(2) and disagrees that Interwoven will meet its heavy burden of proof on this issue.

Fifth, Interwoven has reserved the right raise the issue of Vertical's lack of standing based on a recent filing in the Texas litigation between Vertical and Samsung. However, it is well established that Vertical, as the entity to whom the Patent Office issued the patents-in-suit and record titleholder of the patents-in-suit is the presumptive owner. Thus, the burden of rebutting Vertical's ownership lies with Interwoven. *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327-28 (Fed. Cir. 2010) (The recording of an assignment with the PTO "creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment."); *Arachnid v. Merit Industries, Inc.*, 939 F.2d 1574, 1578 n. 2 (Fed. Cir. 1991) ("The entity to whom the grant of a patent is made by the PTO [or that entity's successor in title] holds the 'legal title' to the patent."). In the four years this litigation has been pending, Interwoven has failed to plead, argue, or even suggest that Vertical lacks standing. Interwoven's failure to produce any evidence that rebuts Vertical's presumed ownership in the asserted patents is fatal to Interwoven's claim.

Sixth, Vertical is entitled to an order permanently enjoining Interwoven, Autonomy and HP, their respective directors, officers, employees, agents and all persons in active concert or participation with them from further acts of infringement of the '744 and '629 patents.

## IX.  PENDING MOTIONS OR MATTERS

Interwoven filed motions *in limine* concurrently with this joint pretrial order.  There are no other pending motions or other outstanding matters.  To preserve its right for appeal, Interwoven hereby renews its prior motions under *Daubert* and FRE 702, 703.

Vertical filed motions *in limine* concurrently with this joint pretrial order.  In addition, Vertical disputes the propriety of Interwoven's "renewal" of its prior motions under *Daubert* and FRE 702 and 703 because the Court has already issued its Order on these motions.  (Dkt. No. 191).

## X.  BIFURCATION, SEPARATE TRIAL OF ISSUES

### A.  Interwoven's Position

The unenforceability due to inequitable conduct is a question of law and bifurcation of this issue may be feasible for a separate bench trial.  However, Interwoven submits that the Court try inequitable conduct issue with the other issues at jury trial and obtain an advisory verdict from the jury with regards to inequitable conduct.

### B.  Vertical's Position

Vertical believes that a separate presentation to the Court after trial is the proper way to proceed on inequitable conduct.  Vertical opposes submitting this issue to the jury and obtaining an advisory verdict.  Vertical reserves all rights to further brief this issue for the Court.

XI.   **ESTIMATE OF TRIAL TIME**

A.   **Vertical's Position**

Five days for trial.

B.   **Interwoven's Position:**

One week for trial, excluding jury selection, opening, and closing statements, as confirmed at the last hearing.

```
    MR. POPLAWSKI:  SO, YOUR HONOR, IN THE EVENT THAT WE
PROCEED ON THE BASIS OF SIMPLY A DIRECT INFRINGEMENT CASE, I
WOULD EXPECT THAT APART FROM THE JURY SELECTION AND THE
OPENINGS AND CLOSINGS WE SHOULD BE ABLE TO DO BE DONE IN A
WEEK.
```

*See* Transcript of January 23, 2014 Hearing on Interwoven's Motion for Summary Judgment, Dkt. No. 251, at 4:15-19.

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this cause, unless modified to prevent manifest injustice.

Respectfully submitted,


_____/s/ Bijal V. Vakil_____          _____/s/ Vasilios D. Dossas_____

EDWARD G. POPLAWSKI (Cal. Bar No. 113590)          MARK V. ISOLA (SBN 154614)
epoplawski@wsgr.com                                 misola@rehonroberts.com
VERA M. ELSON (Cal. Bar No. 156327)          **REHON & ROBERTS, APC**
velson@wsgr.com                                     830 The Alameda
OLIVIA M. KIM (Cal. Bar No. 22832)          San Jose, CA  95126
okim@wsgr.com                                       Tel.:    (408) 494-0900
**WILSON SONSINI GOODRICH & ROSATI**          Fax:    (408) 494-0909
650 Page Mill Road
Palo Alto, CA 94304-1050          RAYMOND P. NIRO (Pro Hac Vice)
Tel.:    (650) 493-9300          rniro@nshn.com
Fax:    (650) 493-6811          VASILIOS D. DOSSAS (Pro Hac Vice)
                                dossas@nshn.com
BIJAL V. VAKIL (Cal. Bar No. 192878)          ASHLEY A. LAVALLEY (Pro Hac Vice)
bvakil@whitecase.com                          alavalley@nshn.com
JENNIFER P. GOSSAIN (Cal. Bar No. 254174)          **NIRO, HALLER & NIRO**
jgossain@whitecase.com                              181 West Madison, Suite 4600
THOMAS C. FLYNN (Cal. Bar. No. 257945)          Chicago, IL 60602-4515
tflynn@whitecase.com                            Tel.:    (312) 236-0733
**WHITE & CASE LLP**          Fax:    (312) 236-3137
3000 El Camino Real
5 Palo Alto Square, 9th Floor          ***Attorneys for Vertical Computer Systems, Inc.***
Palo Alto, CA  94306
Tel.:    (650) 213-0300
Fax:    (650) 213-8158


***Attorneys for Interwoven, Inc.***


ATTESTATION CLAUSE

I, Bijal V. Vakil, hereby attest in accordance with Local Rule 5-1(i)(3) that Vasilios D. Dossas, counsel for Vertical Computer Systems, Inc., has provided his concurrence with the electronic filing of the foregoing document entitled JOINT PRETRIAL STATEMENT AND ORDER.

Dated:  March 7, 2014          _____/s/ Bijal V. Vakil_____
                              Bijal V. Vakil